1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ROBERT LUNDY,                                CASE NO. 08-CV-1153 JM (CAB)

12                              Plaintiff,         **ORDER (1) GRANTING MOTION
                                                   TO PROCEED IN FORMA**
13          vs.                                    **PAUPERIS; (2) DENYING
                                                   MOTION FOR THE**
14                                                 **APPOINTMENT OF COUNCIL; (3)
                                                   DENYING MOTION FOR**
15                                                 **TEMPORARY RESTRAINING
      ALEX and JANET COLMENERO, et. al.,           ORDER; AND (4) DISMISSING**
16                                                 **COMPLAINT WITH LEAVE TO
                              Defendant.           AMEND FOR FAILURE TO**
17                                                 **STATE A CLAIM**

18

19          On June 27, 2008, Robert Lundy ("Plaintiff"), a non-prisoner proceeding *pro se*, filed this civil

20    rights action against Defendants Alex and Janet Colmenero and the Superior Court of San Diego.

21    Plaintiff has also submitted a motion to proceed in forma pauperis, a motion for the appointment of

22    counsel, and a motion for a temporary restraining order. For the reasons set forth below, the court

23    **GRANTS** the motion to proceed in forma pauperis, **DENIES** the motion for the appointment of

24    counsel, **DENIES** the motion for a temporary restraining order and **DISMISSES**  the civil rights

25    complaint with leave to amend.

26    **I.      Background**

27          The history of Plaintiff's case and his exact objectives in this action are unclear, but from what

28    can be discerned, the relevant allegations are as follows: Plaintiff seems to allege a claim under 42

1  U.S.C. § 1983 against all defendants. <u>See</u> Compl. at pg.1. Plaintiff never explicitly mentions section

2  1983, but he appears to claim that Defendant Superior Court violated his equal protection and due

3  process rights by racially discriminating against him, allowing violations of court orders, and

4  depriving him of his parental right to have custody of his daughter. <u>See</u> Compl. at pg. 1-2. Plaintiff

5  claims that Defendants Alex and Janet Colmenero, ostensibly the foster parents of Plaintiff's daughter,

6  are violating his due process rights by refusing to return Plaintiff's daughter to him in violation of

7  court orders to do so. <u>See</u> Compl. at pg. 1. Plaintiff also apparently brings a 42 U.S.C. § 1985(3)

8  claim against Defendants Alex and Janet Colmenero for violating Plaintiff's due process rights by

9  conspiring to retain physical custody of Plaintiff's daughter in violation of court orders. <u>See</u> Compl.

10  at pg.1-2. The body of the complaint does not contain an explicit mention of section 1985(3), but

11  Plaintiff did list it as the cause of action on the civil cover sheet. Plaintiff seeks monetary damages

12  in the amount of $5,000,000 and an injunction giving him custody of his daughter. <u>See</u> Compl. at pg.

13  1-2.

14  **II.    Discussion**

15  **1. Motion to Proceed in Forma Pauperis**

16  **A. Legal Standard**

17  There is no constitutional right to proceed in forma pauperis. <u>Rodriguez v. Cook,</u> 169 F.3d

18  1176, 1180 (9th Cir. 1999). However, the court may authorize the commencement of an action without

19  prepayment of fees or securities by a person who submits an affidavit showing that he or she cannot

20  afford to pay such fees or give such securities. 28 U.S.C. 1915(a)(1); <u>Franklin v. Murphy,</u> 745 F.2d

21  1221, 1226 (9th Cir. 1984).

22  **B. Analysis**

23  Plaintiff's motion to proceed in forma pauperis states that he earns $938 bi-monthly and has

24  no sources of income other than his job with San Diego Scenic Tours. Plaintiff also has substantial

25  debt. He owes $12,000 to Capital One, $12,000 to Merrick Bank, and $975 to Houston Apartments.

26  Plaintiff also owes $15,000 in child support. In addition, Plaintiff claims that his daughter is dependent

27  on him for support. Having considered these facts, the court **GRANTS** Plaintiff's motion to proceed

28  in forma pauperis.

1    //

2    **2. Failure to State a Claim**

3        **A. Legal Standard**

4        Courts must, sua sponte, dismiss a plaintiff's action if the complaint is frivolous or malicious,

5    fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

6    who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In determining whether or not a plaintiff

7    has stated a claim, "the issue is not whether the plaintiff will ultimately prevail but whether the

8    claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236

9    (1974) (overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  As such, the

10   court must accept the complaint's allegations as true.  See Jenkins v. McKeithen, 395 U.S. 411, 421

11   (1969).  It is imperative to liberally construe civil rights complaints brought by *pro se* plaintiffs.  See

12   Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

13       **B. Analysis**

14       *42 U.S.C. § 1983*

15       To state a claim under section 1983, plaintiff must allege that (1) the action occurred under

16   color of state law and (2) the action deprived Plaintiff of a constitutional right or a federal statutory

17   right.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v.

18   Williams, 474 U.S. 327, 330 (1986)).

19       Courts have interpreted the portion of section 1983 that requires the action to be "under color

20   of state law" to require the defendant to be a person "who may fairly be said to be a state actor, either

21   because he is a state official, because he has acted together with or has obtained significant aid from

22   state officials, or because his conduct is otherwise chargeable to the state."  Lugar v. Edmondson, 457

23   U.S. 922, 923 (1982).   Plaintiff has made no such allegation with respect to the Colmeneros, and,

24   assuming the Colmeneros are the foster parents of Plaintiff's daughter, would likely not be able to

25   make such an allegation.[1]  Thus, Plaintiff cannot state a section 1983 claim against them.  See Lugar,

26   _____

27       [1]Although the Ninth Circuit has not definitively resolved the issue, all circuits that have agree
     that foster parents are not state actors for the purposes of section 1983.  See Leshko v. Servis, 423 F.3d
28   337, 347 (3rd Cir. 2005); Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341,1348 (11th Cir. 2001); K.H.
     through Murphy v. Morgan, 914 F.2d 846, 852 (7th Cir. 1990); Milburn by Milburn v. Anne Arundel
     County Dept. Of Social Services, 871 F.2d 474, 479 (4th Cir. 1989).

457 U.S. at 923.

With respect to the Superior Court, the Eleventh Amendment renders state entities immune from tort actions for damages. U.S. Const. Amend. XI. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989), the court held that state entities for the purposes of eleventh amendment immunity are not "persons" within the meaning of 42 U.S.C. § 1983. The superior courts of California are state entities. See Greater Los Angeles Council on Deafness, Inc. V. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987) (citing Sacramento and San Joaquin Drainage Dist. V. Superior Court in and for Colusa County, 196 Cal. 414, 432 (1925)). Thus, the Superior Court of San Diego is not a "person" within the meaning of section 1983, and Plaintiff cannot bring a section 1983 claim for monetary damages against it. See Will, 491 U.S. at 70.[2]

Furthermore, when the defendant is the State itself as opposed to a state official, the Eleventh Amendment bars suits for injunctive relief as well. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996); Cory v. White, 457 U.S. 85, 90-91 (1982). Therefore, because the Superior Court is a state entity and not a state official, Plaintiff cannot state a section 1983 claim against the Superior Court for injunctive relief. See Seminole Tribe of Florida, 517 U.S. at 58; Cory, 457 U.S. at 90-91.[3]

*42. U.S.C. § 1985(3)*

Section 1985(3) makes it unlawful to conspire to interfere with any person's civil rights. 42 U.S.C. § 1985(3). To state a claim for a violation of section 1985(3), a plaintiff must allege four elements: (1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. See Server v.

---

[2]To the extent Plaintiff is seeking damages for court rulings, Plaintiff is precluded from such redress. Judges are absolutely immune from suits for damages if the challenged action was a judicial act taken when the judge had jurisdiction over the subject matter. See Stump v. Sparkman, 435 U.S. 349, 356 (1978). 42 U.S.C. 1983, which imposes liability on "every person" who, acting under color of state law, deprives another person of his civil rights, did not abolish the principle of absolute judicial immunity. See Pierson v. Ray, 386 U.S. 547, 554 (1967).

[3]Because the section 1983 and section 1985(3) claims can be dismissed on other grounds, the court need not determine whether Plaintiff's complaint has sufficiently demonstrated the deprivation of some constitutional or federal civil right.

1    Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  The United States Supreme Court has

2    interpreted section 1985(3) to require some racial or otherwise class-based invidiously discriminatory

3    animus behind the conspirators' actions.  See Griffin v. Breckenridge, 403 U.S. 88, 91 (1971).

4         In his complaint, Plaintiff alleges racial discrimination by the Superior Court and a mediator

5    in their rulings, but nowhere does he allege that racial discrimination was a motivating factor behind

6    the Colmeneros' "conspiracy" to keep Plaintiff's daughter from him. Plaintiff therefore fails to state

7    a section 1985(3) claim against the Colmeneros.  See Griffin, 403 U.S. at 91.

8    **3. Jurisdictional Issues**

9         *Subject Matter Jurisdiction*

10        Even if Plaintiff amends his complaint in such a way as to state a claim upon which relief may

11   be granted, this court might, depending on the facts of the case, lack subject matter jurisdiction due

12   to the Rooker-Feldman doctrine.

13        The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction to review

14   "cases brought by state court losers complaining of injuries caused by state court judgments rendered

15   before the district court proceedings commenced and inviting district court review and rejection of

16   those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The

17   alleged facts of Plaintiff's complaint seem to indicate that Plaintiff won his child custody battle in state

18   court. If this is true, Rooker-Feldman would not apply because Plaintiff would not be considered a

19   "state court loser."  See Exxon Mobil Corp., 544 U.S. 280 at 284.  If, however, Plaintiff lost his

20   custody battle in state court and is seeking review of that decision in this court, the Rooker-Feldman

21   doctrine would apply and this court would lack jurisdiction over the matter.  See id.[4]

22        *Abstention*

23        If the Rooker-Feldman doctrine does not apply, abstention might still be appropriate in this

24   case.

25        Abstention is the practice of federal courts exercising a wise discretion and restraining their

26   _____

27        [4]Even if the Rooker-Feldman doctrine does not apply, this court might, depending on the facts
     of the case, lack jurisdiction because of the domestic relations exception, which divests the federal
28   court of power to issue divorce, alimony, and child custody decrees.  See Ankenbrandt v. Richards,
     504 U.S. 689, 703 (1992); In re Burrus, 136 U.S. 586, 594 (1890).

1   authority because of regard for the independence of state governments.  See Burford v. Sun Oil Co.,

2   319 U.S. 315, 332 (1943).  Abstention should rarely be invoked because federal courts have a

3   "virtually unflagging obligation...to exercise the jurisdiction given them." See Ankenbrandt, 504 U.S.

4   at 705 (quoting Colorado River Water Conservation Dist., 424 U.S. 800, 814 (1976)).

5         Among the several types of abstention, "Younger" abstention is the type most likely applicable

6   to this case. "Younger" abstention derived from Younger v. Harris, 401 U.S. 37 (1971) and provides

7   that courts should abstain from hearing a case when hearing the case would interfere with pending

8   state proceedings.  See M & A Gabaee v. Community Redevelopment Agency of City of Los Angeles,

9   419 F.3d 1036, 1039 (9th Cir. 2005); Ankenbrandt, 504 U.S. at 705.  Thus, if Plaintiff's child custody

10  case is still pending in state court, this court must abstain.  See M & A Gabaee, 419 F.3d at 1039;

11  Ankenbrandt, 504 U.S. at 705.

12  **4. Motion for the Appointment of Counsel**

13       **A. Legal Standard**

14       There is no constitutional right to appointed counsel in a civil action.  Lassiter v. Dept. of

15  Social Servs., 452 U.S. 18, 25 (1981).  Courts, however, "...may request an attorney to represent any

16  person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Courts may appoint counsel under section

17  1915(e)(1) only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

18  1991). Whether or not "exceptional" circumstances exist depend upon both "the likelihood of success

19  on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

20  complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331

21  (9th Cir. 1986)).  Neither of these factors is dispositive; courts must consider them together before

22  reaching a decision.  See id.

23       **B. Analysis**

24       Plaintiff has not demonstrated that his civil rights claims involve a "complexity" that warrants

25  the appointment of counsel, nor has he shown a likelihood of success on the merits. Accordingly,

26  Plaintiff's case does not involve "exceptional circumstances," and the court therefore **DENIES**

27  Plaintiff's motion for the appointment of counsel.

28  *//*

1 | //

2 | **5. Motion for Temporary Restraining Order**

3 |      **A. Legal Standard**

4 |      In order to obtain a temporary restraining order, the moving party must demonstrate either (1)

5 | a combination of probable success on the merits and the possibility of irreparable injury or (2) the

6 | existence of serious questions going to the merits and the balance of hardships tips sharply in its favor.

7 | <u>See</u> <u>Arcamuzi v. Continental Airlines, Inc.,</u> 819 F.2d  935, 937 (9th Cir. 1987).   These two

8 | formulations represent a sliding scale where the required probability of success on the merits increases

9 | as the possibility of irreparable injury decreases, and vice versa.  <u>See Big Country Foods, Inc., v.</u>

10 | <u>Board of Educ. of the Anchorage School Dist.,</u> 868 F.2d 1085, 1088 (9th Cir. 1989).   In both

11 | formulations, however, the moving party must show a significant threat of irreparable injury and a

12 | "fair chance of success on the merits."  <u>Arcamuzi,</u> 819 F.2d at 937.

13 |      **B. Analysis**

14 |      For the reasons discussed above, Plaintiff has not shown a "fair chance of success on the

15 | merits." As such, the possibility of irreparable harm is irrelevant. The court therefore **DENIES** the

16 | motion for a temporary restraining order.

17 | **III. Conclusion**

18 |      For the foregoing reasons, the court hereby **GRANTS** Plaintiff's motion to proceed in forma

19 | pauperis, **DENIES** Plaintiff's motion for the appointment of counsel, **DENIES** Plaintiff's motion for

20 | a temporary restraining order and **DISMISSES** Plaintiff's section 1983 and section 1985(3) causes

21 | of action for failure to state a claim upon which relief may be granted with 30 days leave to amend

22 | from the date of this order.

23 |      **IT IS SO ORDERED.**

24 | DATED:  August 13, 2008

25 |                                            

26 |                           Hon. Jeffrey T. Miller
                          United States District Judge

27 | cc:        all parties

28 |